UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
             :

UNITED STATES OF AMERICA

             :   PRELIMINARY ORDER OF
     - v. -                      FORFEITURE AS TO SPECIFIC
             :   <u>PROPERTY/ MONEY JUDGMENT</u>

MICHAEL PIZARRO,
  a/k/a "Eric Miller,"       :   19 Cr. 588 (PAC)

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about August 20, 2019, MICHAEL PIZARRO, a/k/a (the "Defendant"), was charged in a one-count Information, 19 Cr. 588 (PAC) (the "Information"), with wire fraud while on pre-trial release, in violation of Title 18, United States Code, Sections 1343, 3147, and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(8), of any and all real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of the offense charged in Count One of the Information; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the Defendant obtained directly or indirectly as a result of said offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information, and the following specific property: (i) a black iPhone 8 Plus seized by agents with the Department of Homeland Security – Homeland Security Investigations on or about May 2, 2019 (the "Specific Property");

WHEREAS, on or about August 20, 2019, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant

admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(8):(i) a sum of money equal to $269,353.37 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information, and (ii) all right, title and interest of the Defendant in the Specific Property;

WHEREAS, after the Defendant's guilty plea on August 20, 2019, the Government identified an additional victim of the offense charged in Count One of the Information, from whom the Defendant obtained an additional $9,500 in United States currency;

WHEREAS, the Government asserts that $278,853.37 in United States currency represents the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $278,853.37 representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of all the Defendant's right, title and interest in the Specific Property, which constitutes property used or intended to be used to facilitate or promote the offense charged in Count One of the Information;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $278,853.37 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, MICHAEL PIZARRO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and

delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United

States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED: *Paul A. Crotty*  3/24/2021
HONORABLE PAUL A. CROTTY          DATE
UNITED STATES DISTRICT JUDGE